```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
KAMLA VASWANI,                           :
                          Plaintiff,     :
                                         :    05 Civ. 8539 (DLC)
                -v-                      :
                                         :    OPINION AND ORDER
JO ANNE B. BARNHART,                     :
                          Defendant.     :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Michael Joseph J. Barnas
475 Fifth Avenue
New York, New York 10017-6220

For Defendant:
Leslie Ramirez-Fisher
Assistant United States Attorney
86 Chambers Street
Third Floor
New York, New York 10007

DENISE COTE, District Judge:

    Plaintiff Kamla Vaswani ("Vaswani") brings this action to review a decision of the Commissioner of Social Security (the "Commissioner") denying her request that the Social Security Administration ("SSA") waive collection of approximately $6,000 that Vaswani was allegedly overpaid.  On motion of the defendant, the action is dismissed.

BACKGROUND

The facts relevant to the complaint are set forth in the Memorandum Opinion and Order ("Motion to Dismiss Opinion") of August 15, 2005, which is incorporated by reference, and are summarized here. See Vaswani v. Barnhart, No. 05 Civ. 8539, 2006 WL 2347825 (S.D.N.Y. Aug. 15, 2006). Vaswani incurred overpayment of benefits as a result of two separate periods of time in which she continued to receive Social Security disability benefits despite having returned to work ("overpayment periods"). She continued to receive disability benefits after the periods of employment had ended, but SSA withheld a portion of her benefit to collect the overpayment. SSA denied Vaswani's requests to waive collection. It provided her with a personal conference with a claims representative, after which the SSA denied her request to waive collection on March 6, 1999. Although she was informed that she could request a hearing within 60 days, Vaswani failed to do so. Thus, the decision on her claim became final.

Nearly four years later, on January 13, 2003, the SSA again informed Vaswani that her request for a waiver had been denied and that she was entitled to a personal conference.[1] Vaswani attended another conference, after which her request was again

---

[1] As discussed in the Motion to Dismiss Opinion, it is unclear why the SSA sent this notice to Vaswani in 2003. See 2006 WL 2347825, at *1 n.3.

2

denied. This time, she requested a hearing before an ALJ. Following a hearing on February 10, 2004, the ALJ determined that Vaswani was not without fault in receiving the overpayment and was not entitled to a waiver. Vaswani appealed to the SSA's Appeals Council, which vacated the ALJ's decision on July 15, 2005, finding that res judicata barred the ALJ from conducting a hearing because the March 1999 denial of Vaswani's claim had been a final decision on the same overpayment claim that the ALJ reviewed in 2004. On August 1, apparently in response to a letter and new factual submissions from Vaswani's newly retained counsel, the Appeals Council vacated the July 15 decision and considered newly submitted psychiatric evidence and Vaswani's unsigned statement alleging that she had never received notice of the denial of waiver after the personal conference. This presumably relates to the 1999 denial. The Appeals Council found this evidence insufficient to demonstrate that Vaswani was prevented her from timely filing a request for a hearing in 1999 due to a mental impairment, and it again vacated the ALJ decision for the same reasons stated in the July 15 decision.

Vaswani filed this action on October 5, 2005. In her complaint, she argues that the Appeals Council erred in: (1) failing equitably to toll her time to appeal the March 6, 1999 determination despite evidence of mental infirmity; and (2) applying the doctrine of res judicata without considering her

3

argument that the SSA effectively reopened the claim when it sent her the January 13 letter and allowed her to submit new evidence regarding waiver of collection.

The Commissioner moved to dismiss the complaint on the grounds that the determination was not a "final decision" within the meaning of the Social Security Act, and that the Court lacked jurisdiction over Vaswani's claims.  The Court denied the Commissioner's motion on August 15, 2006, finding that although it lacked jurisdiction with respect to Vaswani's first claim, her second claim was squarely within the Court's jurisdiction. The Court found that the ALJ who conducted the February 2004 hearing had constructively reopened the case by reviewing the entire record, conducting a full hearing and rendering a decision on the merits of Vaswani's claim.  The Court ordered the SSA to show cause as to why the Commissioner's decision should not be vacated and the matter remanded for a decision on the merits.

DISCUSSION

I.   Constructive Reopening

In response to the OTSC, the defendant first argues, in effect, that the Motion to Dismiss Opinion should be reconsidered because the ALJ's decision was not final.  For the reasons that follow, reconsideration is granted and the holding

4

that jurisdiction exists based on the ALJ's constructive reopening of Vaswani's case is vacated and reversed.

As described in the Motion to Dismiss Opinion, the parties agree that the exclusive basis for this Court's jurisdiction is 42 U.S.C. § 405(g), which gives the district court jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [the petitioner] was a party." See 2006 WL 2347825, at *2 (emphasis supplied). In Califano v. Sanders, 430 U.S. 99 (1977), the Supreme Court held that, because a motion to reopen a prior benefits petition may be denied without a hearing pursuant to 42 U.S.C. § 405(b), Section 405(g) does not confer upon district courts the jurisdiction to review the denial of such a motion, except where the denial is challenged on constitutional grounds. Id. at 107-09.

In Byam v. Barnhart, 336 F.3d 172 (2d Cir. 2003), the Second Circuit noted that if "the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived and thus the claim is subject to judicial review." Id. at 180 (citation omitted). Where, however, the Appeals Council vacates the ALJ's consideration of the merits and holds that the claim is barred on the ground of res judicata, a district court is without

jurisdiction to review the agency's denial of a request to reopen. See, e.g., Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999) (collecting cases); see also Cash v. Barnhart, 327 F.3d 1252, 1257 n.9 (11th Cir. 2003) (per curiam); Hall v. Chater, 52 F.3d 518, 520-21 (4th Cir. 1995); Orozco v. Barnhart, No. 05 Civ. 6083(SHS), 2006 WL 1276737, at *2 (S.D.N.Y. May 10, 2006); cf. Morris v. Sullivan, 897 F.2d 553, 558 (D.C. Cir. 1990).

In Brown v. Sullivan, an Eighth Circuit case upon which Vaswani relies heavily, and, more importantly, Byam itself, the Appeals Council had denied review of the ALJ decision, thereby according finality to the ALJ decision. Byam, 336 F.3d at 178-79; Brown, 932 F.2d 1243, 1245 (8th Cir. 1991). Thus, the Motion to Dismiss Opinion erred in relying on Byam to find jurisdiction in this case. Here, the Appeals Council did review Vaswani's renewed claim for benefits, and therefore it is the Appeals Council's opinion, not the ALJ opinion, which must govern the determination of jurisdiction. The Appeals Council, unlike the ALJ, did not constructively reopen Vaswani's petition. Instead, it vacated the ALJ's decision, applying the doctrine of res judicata. Thus, the Motion to Dismiss Opinion is vacated.

II.  Due Process

Even where the SSA's final decision would not otherwise be reviewable, federal courts have jurisdiction to review SSA decisions to which a petitioner has raised a colorable constitutional challenge.  Byam, 336 F.3d at 180.  "A claimant suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from proceeding from one administrative level to another."  Id. at 182 (citation omitted).  To establish this type of claim, a claimant must make a "particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension."  Id. (citing Stieberger, 134 F.3d at 40-41).  The Byam standard requires inquiry into not only whether the claimant could understand administrative and legal procedures, but also whether she could pursue these procedures.  Id. at 182-83 (citing Stieberger, 134 F.3d at 40).

Vaswani argued before the Appeals Council that she had good cause for the failure timely to request a hearing to review the March 1999 denial on the ground of mental impairment.  In support of her position, Vaswani submitted a 2005 psychiatric evaluation by psychiatrist Robert Conciatori ("Conciatori").  Based on one recent interview of Vaswani and his review of two previous evaluations of Vaswani by other professionals,

7

Conciatori diagnosed Vaswani with Organic Brain Syndrome.[2] Conciatori observed that Vaswani had a history of extreme alcoholism but had stopped drinking in 1983, and that she admitted to suicidal ideations. He rated Vaswani's insight, judgment, memory, and concentration as "impaired" and her intelligence as "below average." He opined that she was

> suffering from Cognitive Deficits, documented in 1995, which impact negatively on her memory, concentration and organizational skills. She is frequently forgetful, especially if she has multiple tasks to do in a single time span. She tries to write things down but this has not helped and is difficult for her to keep up with. These deficits were in evidence in 1999 when she may have received the instant letter from Social Security. Due to her organicity she was either unable to remember receiving the letter (hypothetically assuming it was sent), or was unable to act on it in a timely manner due to her organizational difficulties and organicity.

Vaswani also submitted a 1995 letter from Dr. Susan M. Levine, which was one of the documents upon which Conciatori relied. Dr. Levine observed that Vaswani had reported exhaustion, various physical symptoms, and cognitive disturbances, which had increased in frequency over a nearly two-year period to the point where Vaswani had "difficulty performing even minimal chores." She concluded that Vaswani had chronic fatigue

---

[2] MedlinePlus, the online medical encyclopedia of the National Institutes of Health, defines Organic Brain Syndrome as "a general term, referring to physical disorders (usually not psychiatric disorders) that cause decreased mental function."). The index to the most recent Diagnostic and Statistical Manual of Mental Disorders, DSM/IV-TR, does not contain entries for Organic Brain Syndrome or organicity.

8

syndrome and that she was unlikely to recover for at least five years.  Finally, she submitted a 1995 "Organicity Evaluation" by R. Sherman, Ph.D. ("Sherman"), which Conciatori had also reviewed.  Sherman concluded, among other things, that Vaswani was "capable of performing personal activities of daily living," including "bill payment," and that she was "capable of managing funds without assistance."

On this record, Vaswani has made a sufficiently particularized claim that the Commissioner's refusal to grant an extension of time for her request for a hearing in 1999 was a violation of due process.  Therefore, the Court may review this claim.

III. Review of Appeals Council Decision

Having determined that it has jurisdiction over Vaswani's claim, the Court must determine whether or not the Commissioner erred in ruling that Vaswani had not established that she had a mental impairment that provided good cause to excuse her failure to request a hearing in 1999.  The "initial determination of whether claimant's mental impairments prevented her from receiving sufficient notice lies with the SSA."  Byam, 336 F.3d at 184.  The SSA must determine whether "the evidence establishes that he or she lacked the mental capacity to

9

understand the procedures for requesting review."  SSR 91-5p at *2; see 20 C.F.R. § 404.911.

The Appeals Council considered whether the evidence of mental impairment that Vaswani had submitted established good cause to reopen the claim for waiver of overpayment that the SSA had denied in 1999.  Therefore, the SSA has "addressed the substance of" Vaswani's due process claim, and the Court reviews the Appeals' Council's ruling on this issue for substantial evidence.  Byam, 336 F.3d at 184.

The Appeals Council's conclusion that Vaswani did not provide enough evidence to establish that she was mentally impaired in 1999 in a manner that prevented her from following SSA procedures is supported by substantial evidence.  The Appeals Council weighed conflicting evidence concerning Vaswani's mental state, including a 2004 letter from Vaswani denying mental impairment and the fact that Vaswani had successfully requested a hearing in 1999, and noted a lack of contemporaneous psychiatric evidence of her mental health in 1999.  It also noted that Vaswani was represented at her 1999 personal conference.  Remand is not appropriate, and the defendant's motion to dismiss is granted.

CONCLUSION

The motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         August 23, 2007

                              _____
                                      DENISE COTE
                              United States District Judge

COPIES SENT TO:

Kamla Vaswani
330 West 30th St.
Apt. 905
New York, NY 10001

Law Office of Michael J. Barnas
475 Fifth Avenue, Ste. 602
New York, NY 10017

Leslie Ramirez-Fisher
Assistant U.S. Attorney
86 Chambers Street
New York, NY 10007